# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/20/2019
CT Log Number 535519189

**TO:**  Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T502
Minnetonka, MN 55343-9693

**RE:**  **Process Served in California**

**FOR:**  UnitedHealthcare Insurance Company (301800099745000000048)  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE, PLTF. vs. JPMORGAN CHASE & CO. AND UNITED HEALTHCARE INSURANCE COMPANY, DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Addendum, Notice(s), Attachment(s), Stipulation |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG19012094 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2019 at 14:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Anthony F. Maul<br>THE MAUL FIRM, P.C.<br>101 Broadway, Suite 3A<br>Oakland, CA 94607<br>510-496-4477 |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / ZK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MAY 2 0 2019 /940

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED HEALTHCARE INSURANCE COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 2 2019

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Alameda<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG19012094 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony F. Maul, The Maul Firm, P.C., 101 Broadway, 3A, Oakland, CA 94607, (510) 496-4477

| DATE: **MAR 2 2 2019** | **Chad Finke** Clerk, by _____ , Deputy |
|---|---|
| *(Fecha)* | *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UNITED HEALTHCARE INSURANCE Company

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

THE MAUL FIRM, P.C.
Anthony F. Maul (No. 314188)
101 Broadway, Suite 3A
Oakland, CA 94607
Tel: (510) 496-4477
Fax: (929) 900-1710
afmaul@maulfirm.com

Attorney for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

MAR 22 2019

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

CALIFORNIA SPINE AND
NEUROSURGERY INSTITUTE,

Plaintiff,

v.

JPMORGAN CHASE & CO.; UNITED
HEALTHCARE INSURANCE COMPANY,

Defendants.

Case No. RG19012094

COMPLAINT FOR:

1. Promissory Estoppel
2. Quantum Meruit

DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff California Spine and Neurosurgery Institute, a California Corporation, by and through its attorney, to hereby complain and allege against Defendants JPMorgan Chase & Co. ("JPMorgan") and United Healthcare Insurance Company ("UHC") as follows:

**THE PARTIES**

1.      Plaintiff California Spine and Neurosurgery Institute is a California Corporation with its principle place of business in the city of Campbell, California. Through its principle physician, Adebukola Onibokun, M.D. ("Dr. Onibokun"), Plaintiff provides complex surgical services to patients at El Camino Hospital in Mountain View, California.

-1-

COMPLAINT

2.     Dr. Onibokun is Board Certified by the American Board of Neurological Surgery and is a fellow of the American Association of Neurological Surgeons. He received his medical degree from Northwestern University Medical School, graduating with Alpha Omega Alpha honors at the age of 22. He then completed 7 years of Neurosurgery Residency training at UCLA Medical Center, a program that consistently ranks as one of the top five Neurosurgery programs in the country. He previously served as Chief of Neurosurgery at Elmhurst Memorial Hospital in the Chicago area, where he established their Minimally Invasive Spine Surgery Program.

3.     Dr. Onibokun specializes in minimally invasive spinal decompressive techniques, motion preserving spinal technologies, endoscopic spinal fusion techniques, robotic computer assisted image guided surgery, complex spinal reconstruction, chiari decompression, transphenoidal surgery and microvascular decompression surgery. He is an active member of several professional societies including the American Association of Neurological Surgeons, Congress of Neurological Surgeons and North American Spine Society. In addition to El Camino Hospital (Mountain View and Los Gatos campuses), Dr. Onibokun is also on staff at Good Samaritan Hospital – San Jose, and Sequoia Hospital – Redwood City.

4.     Defendant JPMorgan is a Delaware corporation that provides banking and financial services. It sponsors an employee health insurance plan that is self-funded by JPMorgan, and that is administered on JPMorgan's behalf by Defendant UHC pursuant to an administrative services agreement between the two entities. JPMorgan does business in this County.

5.     Defendant UHC is a Connecticut corporation that operates as a managed care company and, through its subsidiaries, insurers and administers health insurance policies. UHC does business in this County.

-2-

COMPLAINT

## GENERAL ALLEGATIONS

6.      Plaintiffs' claims arise from Defendants' drastic underpayment for highly complex and skilled surgical services that Plaintiff provided at El Camino Hospital to an individual insured under JPMorgan's plan, referred to herein his initials, B.M.

7.      Patient B.M. is a middle-aged man who presented with a three month history of progressively worsening excruciating lower back pain, left lower extremity pain, numbness and left foot weakness. A lumbar MRI scan revealed a large left L4-5 posterior paracentral lumbar disc herniation with inferior extrusion resulting in severe compression of the left L5 nerve root and severe left L4-5 lumbar lateral recess stenosis. As a result of the progressively worsening neurological deficits, Plaintiff advised B.M. that surgical intervention was warranted.

8.      Plaintiff is an "out-of-network" provider with respect to UHC. This means that Plaintiff has not contracted with UHC to participate in its provider networks, or to provide services to its insureds at particular reimbursement rates.

9.      On or about August 23, 2018, Plaintiff's staff contacted UHC by phone to verify the details of B.M.'s insurance coverage and benefits. A representative of UHC informed Plaintiff's staff that UHC's payment for covered care rendered to B.M. by out-of-network providers would be based on "usual and customary rates." This information was recorded by Plaintiff's staff on an insurance verification form. The form, filled out on that date, noted that a UHC employee named "Steven" provided the information.

10.     "Usual and customary" is a term of art in the healthcare and insurance industry, and refers to the ordinary market rates charged in a geographic area for similar medical services provided under similar circumstances by providers with similar training and expertise. The California Department of Managed Health Care has adopted regulations codifying that "reasonable and customary

-3-

value" means a value based on statistically credible information that is updated at least annually and takes into consideration (i) the provider's training, qualifications and length of time in practice, (ii) the nature of the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area where the services were rendered; (v) other aspects of the economics of the medical provider's practice that are relevant and (vi) any unusual circumstances in the case. On information and belief, Defendants are aware of the meaning of the term "usual and customary value" as it is used in the industry and as it is defined by California regulations.

11. Prior to performing surgery on B.M., Plaintiff sought prior approval of coverage from UHC. On or about August 27, 2018, UHC sent Plaintiff a letter approving Plaintiff's performance of back surgery on B.M., including service codes 63030, 63035 and 69990, as eligible for coverage.

12. On September 6, 2018, Dr. Onibokun performed surgery on B.M. as planned. Specifically, Dr. Onibokun performed three surgical procedures: minimally invasive left L4 hemilaminotomy, medial facetectomy, left L4-5 microdiskectomy; minimally invasive left L5 hemilaminotomy; and use of operating microscope, microdissection technique. Plaintiff billed Defendants for these services using Current Procedural Terminology ("CPT") codes 63030, 63035, and 69990, respectively, using his standard rates for such services. Plaintiff's charges for the surgery totaled $77,000.00.

13. Plaintiff's charges reflected the reasonable and customary value of the services at issue. Plaintiff's standard rates are based on payments Plaintiff has historically received from other payers, as well as Plaintiff's understanding of the prevailing rates within the Silicon Valley area for such services when provided by doctors of similar training and experience to Dr. Onibokun.

-4-

COMPLAINT

14.     Rather than paying Plaintiff the "usual and customary" rates it had promised, UHC instead paid a total of only $2,300.00 for the complex surgery Plaintiff provided to B.M. Neither JPMorgan nor UHC challenged the medical necessity of any of the services provided to B.M., or otherwise reversed the earlier approval of coverage. Instead, UHC contended that the "allowed amount" for all the services provided by Plaintiff was only $6,600.00, $4,300.00 of which was chargeable to the patient's deductible, copayment or co-insurance.

15.     The allowed amounts used by Defendants are far below even the average rates for such services in Plaintiff's geographic area, let alone the rates that would be appropriate for a physician with Dr. Onibokun's exceptional background and acumen. Plaintiff would not have performed the services upon B.M., let alone sought pre-approval of coverage from UHC, had it known Defendants would pay an amount so far below usual and customary rates.

## FIRST CAUSE OF ACTION

### (for Promissory Estoppel)

16.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

17.     As detailed above, UHC pre-approved coverage for the surgical services Plaintiff rendered to B.M., and explicitly told Plaintiff's staff that reimbursement for such services would be made pursuant to "usual and customary" rates. These statements by UHC, acting as JPMorgan's agent, constituted a clear and unambiguous promise that Defendants would pay Plaintiff "usual and customary" rates for the surgical services Plaintiff provided to B.M.

18.     Plaintiff rendered valuable services to B.M. in reasonable reliance on these promises. When the surgery was performed, Plaintiff was unaware of the falsity of these promises and reasonably believed them to be true. Since the promises were made in response to direct inquires by Plaintiff's

-5-

COMPLAINT

Exhibit A, Page 12

staff regarding the patient's insurance coverage and benefits, it was foreseeable that Plaintiff would rely on them.

19.     The total value of the services rendered by Plaintiff to B.M. was $77,000.00. Defendants' total payment for the services was only $2,300.00. Thus, as a direct and proximate result of Defendants' failure to carry out the promises they made, Plaintiff was injured in the amount $74,700.00 (minus any applicable deductibles, coinsurance or copayments owed by the patient).

20.     Injustice can be avoided only by enforcement of Defendants' promises to pay "usual and customary" rates for the services Plaintiff rendered to B.M.

## SECOND CAUSE OF ACTION

### (for Quantum Meruit)

21.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

22.     As described above, Plaintiff provided valuable surgical services to B.M., an individual insured through Defendants' insurance policy.

23.     Defendants contract with participants and beneficiaries of their policies to provide payment for medically necessary healthcare in exchange for the payment of insurance premiums. As a result, Plaintiff conferred tangible economic benefit upon Defendants when it rendered highly-skilled medical services to Defendants' insured, B.M.

24.     Plaintiff did not provide these services to B.M. gratuitously; but rather in response to UHC's promise, made as JPMorgan's agent, to pay "reasonable and customary" rates for the services.

25.     The fair value of the services Plaintiff provided to B.M. is reflected in the bills Plaintiff submitted, which totaled $77,000.00. Rather than pay fair value for these services, Defendants instead paid only $2,300.00.

-6-

COMPLAINT

26.     Under these circumstances, equity and good conscience require Defendants to make fair compensation to Plaintiff, and to relinquish their ill-gotten gains and surrender them to the Plaintiff.

27.     As a result of Defendants' conduct, Plaintiff has been underpaid $74,700.00 (minus any applicable deductibles, coinsurance or copayments owed by the patient).

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendants as follows:

A.     Awarding Plaintiff damages and/or restitution, in an amount to be determined at trial, which Plaintiff believes to be approximately $74,700.00 (minus any applicable deductibles, coinsurance or copayments owed by the patient);

.B.     Awarding Plaintiff interest at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; and

C.     Granting such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,
March 22, 2019

Anthony F. Maul (No. 314188)
THE MAUL FIRM, P.C.
101 Broadway, Suite 3A
Oakland, CA 94607
Tel: (510) 496-4477
Fax: (929) 900-1710
afmaul@maulfirm.com

*Attorney for the Plaintiff*

-7-

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Anthony F. Maul, SBN 314188<br>The Maul Firm, P.C.<br>101 Broadway, Suite 3A<br>Oakland, CA 94607<br>TELEPHONE NO.: (510) 496-4477      FAX NO.: (929) 900-1710<br>ATTORNEY FOR *(Name):* Plaintiff California Spine and Neurosurgery Institute | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAR 22 2019<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
California Spine and Neurosurgery Institute v. JPMorgan Chase, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount          (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG19012094<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☑ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2 (Promissory estoppel, quantum meruit)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 22, 2019

Anthony F. Maul
_____                    _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| Short Title: | California Spine and Neurosurgery Institute v. JPMorgan Chase & Co. | Case Number: |
|---|---|---|

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ]  34 | Auto tort (G) |
| | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ]  75 | Asbestos (D) |
| | Product liability (24) | [ ]  89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]  97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]  33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ]  79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ]  80 | Civil rights (G) |
| | Defamation (13) | [ ]  84 | Defamation (G) |
| | Fraud (16) | [ ]  24 | Fraud (G) |
| | Intellectual property (19) | [ ]  87 | Intellectual property (G) |
| | Professional negligence (25) | [ ]  59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]  03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]  38 | Wrongful termination (G) |
| | Other employment (15) | [ ]  85 | Other employment (G) |
| | | [ ]  53 | Labor comm award confirmation |
| | | [ ]  54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]  04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ]  81 | Collections (G) |
| | Insurance coverage (18) | [ ]  86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [X]  98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]  18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]  17 | Wrongful eviction (G) |
| | Other real property (26) | [ ]  36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]  94 | Unlawful Detainer - commercial    Is the deft. In possession |
| | Residential (32) | [ ]  47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ]  21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ]  41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]  62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]  49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ]  64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ]  77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ]  82 | Construction defect |
| | Claims involving mass tort (40) | [ ]  78 | Claims involving mass tort |
| | Securities litigation (28) | [ ]  91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ]  93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]  95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ]  19 | Enforcement of judgment |
| | | [ ]  08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ]  90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ]  88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]  68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]  06 | Change of name |
| | | [ ]  69 | Other petition |

202-19 (5/1/00)

The Maul Firm, P.C.
Attn: Maul, Anthony F
101 Broadway
Suite 3A
Oakland, CA  94607

## Superior Court of California, County of Alameda

| California Spine and Neurosugery | No. RG19012094 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| JP Morgan Chase & CO. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| **(Abbreviated Title)** | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/07/2019 Time: 09:30 AM | Department: 520 Location: Hayward Hall of Justice 3rd Floor 24405 Amador Street, Hayward CA 94544 Internet: www.alameda.courts.ca.gov | Judge: Julia Spain Clerk: Danielle Labrecque Clerk telephone: (510) 690-2729 E-mail: Dept520@alameda.courts.ca.gov Fax: (510) 267-1531 |
|---|---|---|

### ORDERS

1. **Plaintiff must:**

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant must respond as stated on the summons.**

3. **All parties who have appeared before the date of the conference must:**

   a. Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. File and serve a completed *Case Management Statement* on Form CM-110 at least **15 days** before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. Post jury fees as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

| Form Approved for Mandatory Use Superior Court of California, County of Alameda ALA CIV-100 [Rev. 07-01-2015] | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER | Page 1 of 2 |
|---|---|---|

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/26/2019.

By    _Dameku Oli_

Deputy Clerk

Form Approved for Mandatory Use      NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER      Page 2 of 2
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG19012094
Case Title:    California Spine and Neurosugery VS JP Morgan Chase & CO.
Date of Filing: 03/22/2019

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

|                     |                               |
|---------------------|-------------------------------|
| **Judge:**          | **Julia Spain**               |
| **Department:**     | **520**                       |
| **Address:**        | **Hayward Hall of Justice**   |
|                     | **24405 Amador Street**       |
|                     | **Hayward  CA  94544**        |
| **Phone Number:**   | **(510) 690-2729**            |
| **Fax Number:**     | **(510) 267-1531**            |
| **Email Address:**  | **Dept520@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel(s) are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

Exhibit A, Page 20

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Julia Spain
DEPARTMENT 520

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Appearances by attorneys not counsel of record are not permitted except for good cause shown. (Non-emergency scheduling conflicts are not good cause). Any appearing counsel must have full authority to make decisions on a case.

All references to counsel apply equally to self-represented parties and all must comply with all the rules cited in this Notice. Parties are reminded that the dept. clerk is prohibited from giving legal advice. Self-represented parties are encouraged to use the Self-Help Center at the Hayward Hall of Justice, 24405 Amador St., Dept. 501, Hayward.

Email is the best method of communicating with court staff. Email address for counsel or self-represented litigants must be listed in the caption of all filed papers, as required by CRC 2.111(1). All email communications must be copied to all parties for whom an email address is available. Pleadings/documents shall not be transmitted via email.

### Schedule for Department 520

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays, Thursdays and Fridays, beginning at 9:30 a.m.

- Trial Readiness Conferences are held 2 weeks prior to trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held: Wednesdays at 9:30 a.m. Timely filed and complete CMC Statements with courtesy copy to Dept. 520 are required. The

Exhibit A, Page 21

court will usually publish a Tentative Case Management Order.  Check DOMAIN to
see if Order waives CMC appearance.

- Law and Motion matters are heard:  Wednesdays and Thursdays at 2:00 p.m.;
  Litigants must contact the dept. clerk to reserve a date before filing any law and
  motion matter. See further procedures below.

- Settlement Conferences are heard:  Court resources are limited. Counsel are
  encouraged to consider alternative dispute resolution. Conferences will be specially
  set as appropriate.

- Ex Parte matters are heard:  On written applications only on Mondays - Thursdays.
  Email Dept. 520 to request date.  Moving party must give 48 hours prior notice to
  opponent advising written opposition must be filed and courtesy copy delivered to
  Dept. 520 within 24 hours.

- Check Domain, Dept. 520 webpage, click on "List of Documents" for other useful
  materials.

- DISCOVERY DISPUTES: Parties must exhaust Meet and Confer requirements
  before contacting the court for a hearing date.  No Motion to Compel Discovery will
  be scheduled until after the parties complete an informal discovery resolution
  process thru the court.   Email the dept. for a date and further details before
  preparing any Motion to Compel.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the
department as follows:

- Motion Reservations
  - Email:        dept520@alameda.courts.ca.gov
  - Please provide: 1) Name of case; 2) Case number; 3) Title of motion; 4) Moving
    party; 5) Name of Responding Party's Counsel and email address.
- Ex Parte Matters
  - Email:        dept520@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings
will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 520
- Phone:  1-866-223-2244

Exhibit A, Page 22

Dated:  03/25/2019      *Ccy - S. Court*
                        Facsimile
                        _____

                        Presiding Judge,
                        Superior Court of California, County of Alameda

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/26/2019

                        By      *Danneffer Oh*   Digital
                                _____
                                Deputy Clerk



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Exhibit A, Page 24

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
|               TELEPHONE NO.:                FAX NO. *(Optional)*:<br>    E-MAIL ADDRESS *(Optional)*:<br>       ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY | |
|---|---|
|       STREET ADDRESS:<br>     MAILING ADDRESS:<br>   CITY AND ZIP CODE:<br>      BRANCH NAME | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation       ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶ _____
        (TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶ _____
        (TYPE OR PRINT NAME)              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |
|---|---|---|

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ► _____

(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____     ► _____

(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)